Whaley, Judge,
delivered the opinion:
This suit is brought by the plaintiff to recover the sum of $207,181.80. The facts of the case show that the plaintiff entered into a contract with the Navy on May 8, 1917, for the manufacture of 1,030,000 pounds of TNT at the price of 52 cents per pound, and this contract was suspended and canceled by the Navy on December 23, 1918. The contract was executed’ soon after this Government entered the war with Germany and was for the purpose of supplying the Navy with TNT; before the contract was fully performed the armistice was declared, and the Government concluded that it did not need the materials for which it had contracted. As a result the Government requested no more raw material be put in process and only the raw material then in process be completed and even as to this latter reserved the right to order it stopped. The plaintiff, after the raw material then in process had been finished, did nothing more under the contract.
*374 The defendant under the act of June 15, 1917, c. 29, 40 Stat. 182, had the right to suspend and cancel the contract, and the rights of the plaintiff are controlled by that statute which allows just compensation and not damages for breach of contract. The act of June 15, 1917, provides: “ Whenever the United States shall cancel, modify, suspend or requisition any contract, make use of, assume, occupy, requisition, acquire, or take over any plant or part thereof, or any ship, charter, or material, in accordance with the provisions hereof, it shall make just compensation therefor. * * * ”
The plaintiff in the trial of the case has assumed, that, the contract being dated previous to the passage of the act, the rule for damages for breach of contract should govern. It has been held that the statute applies to both existing and future contracts, and provides for just compensation; therefore the general rule for damages for breach of contract has no application. Neither anticipated profits, nor for what the plant could have been sold, nor what it could have probably made in commercial work in the two-year period after the cancellation of the contract can be considered under the rule for just compensation. Meyer Scale & Hardware Co. v. United States, 57 C. Cls. 50; Russell Motor Car Co. v. United States, 57 C. Cls. 464; De Laval Steam Turbine Co. v. United States, case No. A-82, decided April 30, 1930. [70 C. Cls. 51.]
The right to terminate the contract carries with it the cessation of liability from the time of its termination. As was said by Judge Downey, in the case of Meyer Scale & Hardware Co., supra: “At that point, as by a distinct line of demarcation, the future is separated from the past and adjustment of rights on the basis of just compensation to the contractor has its proper field of operation behind and not beyond that line.” The only amounts which can be recovered are those which would justly compensate the plaintiff for what he has incurred up to the time of cancellation. In Russell Motor Car Co. v. United States, 261 U. S. 514, the Supreme Court held: “ In fixing just compensation the court must consider the value of the contract at the time of its cancellation, not what it would have produced *375 by way of profits for tbe car company if it had been fully performed.”
In computing the value of the contract when it was terminated, we have taken into consideration the amounts due the contractor by the Government, and deducted the amount due the Government from the contractor, and considered all other elements which enter into the measure of just compensation. We find the contract was worth to the contractor at the time of its termination the sum of- $42,-855.60. This amount is the value of the contract at the date of its termination, and in order that the plaintiff shall receive the value of the contract at the time of the cancellation, interest is to be computed from that time as the measure by which to ascertain the amount to be added in order that the plaintiff shall receive just compensation. Grays Harbor Motorship Corp. v. United States, case No. B-12, decided December 1, 1930. [Ante, p. 167.]
The defendant interposed a counterclaim, but the testimony offered by the defendant to support the counterclaim is unsatisfactory and mostly incompetent. However, there is some evidence from plaintiff’s witnesses to support a portion of the counterclaim, and this testimony is corroborated, inferentially, by one of the defendant’s witnesses. It appears that the plaintiff purchased nitrate from the Navy for the purpose of fulfilling both the contracts with the Army and the Navy, and this nitrate was used by the plaintiff in the manufacture of the TNT for both branches of the Government. After the contracts of both the Army and the Navy were canceled the Army made a settlement with the plaintiff on its two contracts. In arriving at this settlement a deduction was made for the proportionate share of the nitrate on hand and for which plaintiff owed the Navy, as it applied to the Army contract. Having applied this deduction for the Army’s proportionate share of the nitrate in the settlement of the Army contracts, the plaintiff would only be due the Government, under the Navy contract, for the remaining portion of the nitrate not included in the Army settlement. In fixing the amount of just compensation, this allowance has been taken into consideration.
*376 In our opinion, the plaintiff is entitled to recover of the defendant the sum of $42,855.60, with interest at six per cent per annum from December 28, 1918, until paid, not as interest but as a part of just compensation. It is so ordered.
Williams, Judge; LittletoN, Judge; GkeeN, Judge; and Booth, Chief Justice, concur.